UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN D. GREENE, | No. 2:12-cv-1757 CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. He is proceeding with a claim for violation of the Equal Protection Clause of the Fourteenth Amendment against defendant Salinas, the Warden of the Deuel Vocational Institution (DVI). Defendant Salinas' motion to dismiss for failure to exhaust administrative remedies prior to filing suit is before the court.

I.   Plaintiff's Claims

In his August 29, 2012 amended complaint (FAC) plaintiff asserts:

1. During all relevant periods of time, plaintiff was housed at DVI.
2. Following a gang related riot on August 28, 2011, all Hispanic and black inmates assigned to the reception section of DVI were placed on total lockdown.
3. Plaintiff alleges that he was locked down in the reception section because he is black, despite having no involvement in the gang conflict. He claims that the

1

        lockdown resulted in, among other things, the inability to access the exercise yard, the canteen to purchase hygiene and food items, and slowed the processing of access to the law library.

    4. Plaintiff claims that he was forced to live in "inhumane living conditions" from August 25, 2011 through December 23, 2011.

## II. Failure To Exhaust Standard

A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. Defendants bear the burden of proving plaintiff's failure to exhaust. Id. at 1119.

Section 1997(e)(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a) (also known as the Prison Litigation Reform Act ("PLRA")). California state regulations provide administrative procedures in the form of one informal and three formal levels of review within the California Department of Corrections and Rehabilitation (the "CDCR") to address plaintiffs' claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. Cal. Code Regs. tit. 15, § 3084.5.

Administrative remedies must be "properly" exhausted, which means use of all steps put forward by the agency. Woodford v. Ngo, 548 U.S. 81, 90 (2006). Also, "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id.

## III. Argument

The parties agree that plaintiff filed a prisoner grievance regarding the claim still at issue in this action and that plaintiff never obtained a "Director's Level Decision." The

2

question before the court is whether plaintiff's failure to obtain a "Director's Level Decision" was due to his not following established grievance procedures or reasonable directions from staff.

In the grievance, submitted October 24, 2011, plaintiff indicated that he had been on lockdown since August 28, 2011 resulting in, among other things, a loss of certain privileges. Plaintiff asserted he was being locked down because of his race and sought termination of the lockdown. FAC at Ex. B.

On the grievance form, plaintiff disregarded the instructions for Section A which provided, "if you need more space [to explain your problem], use Section A of the CDCR 602-A." Instead of following the directions on the form, he continued to explain his problem into Section B, crossing out the headings for "Action Requested" and "Supporting Documents." After using up all of the space he had given himself by inappropriately crossing out headings, plaintiff continued his grievance and made several specific requests on a second and third 602 form, once again filling the lines reserved for other sections.

On October 27, 2011, plaintiff's grievance was returned to him with a letter which reads as follows:

> "Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(8). Your appeal involves multiple issues that do not derive from a single event, or are not directly related and cannot be reasonably addressed in a single response due to this fact. You may resubmit the unrelated issues separately using separate appeals. Be advised that you are still subject to the submission of one non-emergency appeal every 14 calendar days.
>
> Follow instructions on 602. You have improperly submitted 3 602s as continuation of the first appeal. Rewrite follow instructions and resubmit your appeal.

Decl. of Gamble at Ex. B.

The CDCR 602 form states under Section "A" that inmates should use Section A of the CDCR 602-A should they need more space, and if so, only one 602-A form would be accepted. Additionally, appeals may only include multiple issues that derive from a single event, or are directly related and can be reasonably addressed in a single response. See Cal. Code Regs. tit. 15, § 3084.6(b)(8).

3

Rather than follow the instructions in the letter identified above, plaintiff states that he forwarded a duplicate of his appeal to the Office of Third Level Appeals in Sacramento. FAC at 2; "Facts" at 4. This was not proper under either the California Code of Regulations or the instructions given at the first level. Plaintiff fails to point to anything suggesting his circumvention of the Code of Regulations or the instructions given to him can form a basis for exhaustion of administrative remedies.

Because it is clear plaintiff did not properly exhaust his administrative remedies before filing suit, as he is required to do under Woodford v. Ngo, defendant's motion to dismiss should be granted, and this case should be closed.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Defendant Salinas's May 6, 2013 motion to dismiss (ECF No. 23) be granted on the grounds that plaintiff failed to exhaust his administrative remedies;

2. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 19, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
gree1757.57